**Atwood Rentals Inc.**
PO Box 489
Milan, TN 38358
Phone: 731-686-0065
Fax: 731-686-0067
Email: customerservice@summitmanagement.group  Website: www.makeapayment.com

Contract No. _____ 31787 _____

RENTAL-PURCHASE AGREEMENT AND DISCLOSURE STATEMENT-MS

This Rental Purchase Agreement ("Agreement") is made and entered into on this __14th__ day of ____June____, 2023 (a copy of which has been furnished to Consumer as evidenced by Consumer's signature as it appears below), by and between Atwood Rentals Inc (or its successors or assigns), managed by Summit Management Group, Inc having its principal place of business at 1091 Kefauver Dr, Milan, TN, 38358, hereinafter referred to as "Lessor" and Consumer(s) Name(s): _Cassandra campbell_
Street Address: _244 county rd 5286_        City: _Bay springs_    County: _____   State: _MS_  Zip: _39422_
Phone Number(s): _(601) 580-3911_ _____ hereinafter referred to as "Consumer".

For and in consideration of the mutual covenants and agreements contained herein, the adequacy of which is hereby acknowledged by each party, Lessor hereby leases to Consumer and Consumer hereby leases from Lessor that certain portable storage building and/or equipment hereinafter referred to as the "Leased Property" and further described in paragraph 1(a) below.

**DISCLOSURES**

The following information is hereby disclosed to Consumer pursuant to Mississippi Rental-Purchase Agreement Act, Miss. Code Ann. § 75-24-151, et seq., and is to be considered a part of the terms and conditions of this Agreement.

1. (a) **Description of Leased Property (including serial number)**: Side Cabin Width:12 X  Length:24  158826  1224  121421
    Initial(s) _c_  Initial(s) _____
   (b) **The Leased Property is**: New ☐  or Used ☒.
    Initial(s) _c_  Initial(s) _____
   (c) **Cash Price of the Leased Property**: $ _6,936.50_ , plus applicable sales tax.
    Initial(s) _c_  Initial(s) _____
   (d) **Initial Payment**: (Payment required at the commencement of this Agreement)
    The initial payment is Lease Payment $ _0.00_  + Cost Reduction Agreement $ _0.00_  + Sales Tax$ _0.00_  + Security Deposit $ _250.00_  = Total $ _250.00_.
    Initial(s) _c_  Initial(s) _____
   (e) **Lease Payments**: Payments will be due on the _14th_ day of each month after the Initial Payment is paid. The total monthly lease payment is $ _256.91_  + Sales Tax (subject to change) $ _17.98_  = $ _274.89_. The sales tax and total monthly lease payment amounts may change to reflect any increase (or decrease) in the sales tax rate made by the applicable governmental taxing authorities. Any monthly lease payment received by Lessor 5 calendar days after the date payment is due will be late and Consumer agrees to pay a late fee of up to $15.00 per each monthly lease payment that is paid late. Consumer may make monthly lease payments in advance. Such additional payments or overpayments will apply towards future lease payments.
    Initial(s) _c_  Initial(s) _____
   (f) **Term**: The term of this Agreement is for 1 month. Consumer may renew this Agreement for consecutive terms of 1-month by making rental payments in advance for each month that Consumer desires to keep the Leased Property.
    Initial(s) _c_  Initial(s) _____
   (g) **Cost to Acquire Ownership/Total of Payments**: If Consumer renews this Agreement each month, for _60_ months (including Initial Payment), for a total cost of $ _15,414.60_ , and otherwise complies with this Agreement, Consumer will own the Leased Property. This total of payments does not include other charges such as delivery, late payment, default, pick-up, re-delivery, or late fees. Consumer should read this contract for an explanation of these charges.
    Initial(s) _c_  Initial(s) _____
   (h) **No Ownership During Lease Term**: CONSUMER WILL NOT OWN THE LEASED PROPERTY UNTIL CONSUMER HAS MADE THE NUMBER OF PAYMENTS AND THE TOTAL OF PAYMENTS NECESSARY TO ACQUIRE OWNERSHIP OR CONSUMER EXERCISES THE EARLY PURCHASE OPTION.
    Initial(s) _c_  Initial(s) _____
   (i) **Early Purchase Option**: *At any time after Consumer has made the first rental payment, Consumer may acquire ownership of the Leased Property by tendering 50 of the difference between the Cost to Acquire Ownership and the total amount paid on the account (exclusive of taxes, reinstatement fees, and other charges.)*
    Initial(s) _c_  Initial(s) _____

MS – REV. 01.11.2019

Consumer Signature _Cassandra Cam_  Co-Consumer _____

## Atwood Rentals Inc.

(j) **Cost Reduction Agreement**: (OPTIONAL) This Agreement offers an optional Cost Reduction Agreement. If the Lessee chooses this option, the Lessor will reduce the amount of the monthly rental payment required. By this Cost Reduction Agreement, the Lessee and the Lessor may, and do, mutually agree to this Cost Reduction Agreement in lieu of a Security Deposit. If the Lessee pays an additional $ 0.00 the Lessor will reduce the Lessee's monthly rental payment. Lessor will refund the amount paid in consideration of the Cost Reduction Agreement, when, and only if, the Rented Property is voluntarily returned to the Lessor at the end of any renewal period without any repossession expenses or costs to Lessor. However, any amount the Lessee may then still owe the Lessor for past due rental payments, damages, fees, repairs, or already paid sales tax will be deducted from the amount of the refunded payment. The Lessee and the Lessor mutually agree that this Cost Reduction Agreement payment is not and shall not be construed as a down payment. The Cost Reduction Agreement payment is paid in lieu of a Security Deposit; however, it provides added benefit to the Lessee in that it reduces the required monthly rental payment. If the amount in this section is "0" or N/A, this option shall not have been selected.

Initial(s) C' Initial(s) ____

(k) **Other Charges**: The total of monthly lease payments does not include other charges such as $20.00 late fees, $40.00 returned check fees, repossession or re-delivery fees, or any other fees associated with default. **Consumer should read this Agreement for an explanation of these charges.**

Initial(s) C' Initial(s) ____

(l) **Maintenance**: Consumer is responsible for maintaining and/or servicing the Leased Property while it is leased such that the Leased Property shall be in good working order and protected from damage beyond normal wear and tear.

Initial(s) C' Initial(s) ____

(m) **Warranty**: If allowed by the manufacturer, the manufacturer's express warranty covering the Leased Property shall be transferred to Consumer if it exists at the time Consumer acquires ownership of the Leased Property.

Initial(s) C' Initial(s) ____

(n) **Damage to Leased Property**: Consumer is responsible for the Leased Property if it is lost, stolen, damaged in excess of normal wear and tear, or destroyed. In such case, Consumer's liability will not exceed the fair market value of the Leased Property as of the time it is lost, stolen, damaged or destroyed. Consumer shall obtain and maintain during the term of this Agreement, at Consumer's expense, property insurance in an amount at least equal to the cash price of the Leased Property (shown in paragraph (c) above) which shall insure against loss, theft, damage or destruction of the Leased Property. Consumer is not required to purchase said insurance from the Lessor or from any insurer owned or controlled by the Lessor.

Initial(s) C' Initial(s) ____

(o) **Termination**: Consumer may terminate this Agreement without penalty at the end of any monthly term by voluntarily surrendering or returning the Leased Property to Lessor, at Consumer's cost, in good condition, reasonable wear and tear excepted. Consumer will be liable for any unpaid lease payments and other charges as of the date of return.

Initial(s) C' Initial(s) ____

(p) **Reinstatement**: A Consumer who fails to make a timely lease payment has the right to reinstate this Agreement, without losing any rights or options previously acquired, by paying all past due rental charges, the reasonable costs of pick-up, and redelivery and any applicable late fees within five (5) days of the renewal date. If Consumer has paid less than two-third (2/3) of the total payment necessary to acquire ownership and Consumer has voluntarily surrendered the Leased Property within the applicable reinstatement period, other than through judicial process, Consumer may reinstate the Agreement during a period of twenty-one (21) days after the date of the return of the Leased Property. If Consumer has paid two-thirds (2/3) or more of the total payments necessary to acquire ownership and otherwise meets the conditions in the previous sentence Consumer may reinstate the Agreement during a period of forty-five (45) days after the date of the return of the Leased Property. Nothing shall prevent Lessor from attempting to repossess the Leased Property during the reinstatement period discussed, and such repossession shall not affect the Consumer's right to reinstate.

Initial(s) c' Initial(s) ____

2. At the time of the execution of this Agreement, Consumer shall pay to Lessor a security deposit in the amount of $250.00 to be held by Lessor as security for the performance of all terms of this Agreement including, but not limited to, payment of charges related to repossession and/or redelivery. <u>Such deposit (or such part thereof as has not been applied to remedy defaults of Consumer) shall be refunded, without interest, only on the expiration of the term of this Agreement if all of the obligations of Consumer have been performed or discharged and Consumer exercises option to purchase. Lessor may from time to time use the proceeds of the deposits to apply towards any breach by Consumer of the terms of this Agreement, and in the event of such application, upon demand of the Lessor, Consumer shall restore the deposit to its original amount.</u>

MS – REV. 01.11.2019                Consumer Signature _Leopancha Lum_ Co-Consumer _____

## Atwood Rentals Inc.

3. Consumer agrees to pay $40.00 for any check or ACH transaction that is returned for nonpayment.
4. Consumer shall not permit the Leased Property to be altered in any way, including the construction of shelves and/or
5. benches, the addition of equipment and/or accessories, the connection of utilities of any type, or the placing of signs on the Leased Property. **Unless specifically designated otherwise, the Leased Property is not intended for animal occupancy. The Leased Property is not intended for Human Occupancy.**
6. Consumer shall not permit the Leased Property to be tied to or otherwise affixed to any real property such that the Leased Property cannot be removed without damaging it and/or the real property. Consumer shall ensure access to the Leased Property by Lessor and shall not prevent Lessor from lawfully removing Leased Property in the event of default or termination.
7. The Leased Property shall be kept at the address listed on page 1 as Consumer's address. It may not be moved from that address without Lessor's prior written consent.
8. Consumer may not assign any of Consumer's rights under this Agreement without the prior written consent of Lessor.
9. Lessor shall have the right to examine and inspect the Leased Property at all reasonable times. Lessor shall have the right to lawfully remove the Leased Property in the event of non-payment and/or default under the terms of this Agreement. This Agreement constitutes written authorization for Lessor to lawfully enter upon Consumer's real property and take any reasonable means necessary to repossess the Leased Property, if repossession can be accomplished without breach of the peace. By signing this Agreement, Consumer also authorizes any person having an interest in the real property upon which the Leased Property is located, including but not limited to landlords, owners, and/or co-owners, the right to enter said property for the purpose of assisting Lessor in repossessing the Leased Property, if repossession can be accomplished without breach of the peace.
10. Prior to delivery of the Leased Property, Consumer shall give notice of Lessor's ownership interest in the Leased Property to any and all persons having an interest in the real property upon which the Leased Property is to be located, including but not limited to landlords, owners, and/or co-owners. Consumer also consents to Lessor providing written and/or telephone notice to such persons.
11. Notwithstanding anything contained in this agreement to the contrary, the Lessor shall not be liable to the Consumer or to any other person, firm or corporation by reason of loss, damage or destruction not due to negligence of the Lessor, its agent, servants or employees. In the event, and whether or not such loss, damage or destruction for the property kept in the leased premises is due the negligence of the Lessor, its agents, servants or employees, or otherwise, the liability of the Lessor shall not exceed the value of the Leased Property in question. In this regard, the Consumer warrants and guarantees to the Lessor that no property in excess of the said limit of liability shall be placed in or stored in the Leased Property other than at the sole peril of the Consumer. The Consumer assumes full responsibility for all contents in the Leased Property, and agrees to not hold the Lessor, its employees or its agents liable in any way for damages, destruction or loss of any kind to any property stored inside the Leased Property incurred during the act and/or process of repossessing the Leased Property.
12. Consumer agrees to promptly remove all contents (including Consumer's personal belongings) from the Leased Property at the termination of this Agreement, whether such termination is caused by Consumer's default, or by lapse of time. Lessor may elect that any contents not removed by Consumer at such termination are deemed abandoned by Consumer and same shall become the property of Lessor without any payment or offset thereof. If Lessor shall not so elect, the Lessor may remove such contents from the Leased Property and store same at Consumer's risk and expense.
13. In the event Lessor incurs costs and expenses in enforcing the terms of this Agreement due to nonpayment, breach, or other default by Consumer or by any agents, servants, or employees of Consumer, Lessor shall recover from Consumer and Consumer shall pay to Lessor, all of Lessor's costs and expenses resulting therefrom, including but not limited to court costs, reasonable attorney's fees, and other costs of collection. In the event Consumer defaults in complying with the terms of this Agreement and Lessor takes action to repossess the Leased Property, and Consumer then pays the amount in arrears after Lessor has incurred expenses to repossess same, Consumer shall pay Lessor, in addition to the payments in arrears, reasonable expenses, plus sales tax, if any, as reimbursement of repossession expenses.
14. The parties agree that Consumer has examined the Leased Property, knows the condition thereof, and has agreed to lease the Leased Property in an "as is" condition and that Lessor has made no representations, warranties, or promises of any kind or nature, either expressly or implied, as to the condition, quality, suitability, or fitness for a particular purpose of the Leased Property.
15. Notice is hereby given to any holder of this instrument or of any interest therein that, to the extent this instrument may be deemed to be a consumer credit contract, the rights of such holder, if any, are subject to all claims and defenses which the Consumer could assert against the seller of goods and services obtained pursuant thereto, but with recovery by Consumer being limited to the amount paid by Consumer hereunder.
16. This Agreement is not to be construed as a security interest in the Leased Property described in paragraph 1(a). Lessor is the lawful owner of the Leased Property until Consumer fully and faithfully completes all obligations of this Agreement.
17. To the fullest extent permitted by law, Consumer agrees that this Agreement shall be construed as an executory contract as defined by the United States Bankruptcy Code and Rules, as amended from time to time.
18. This Agreement sets forth the parties' entire Agreement and may not be changed except in writing signed by both parties.
19. If any provision of this Agreement is invalid, illegal, or incapable of being enforced by reason of any rule of law, public policy

MS – REV. 01.11.2019

Consumer Signature _Cassandra Carr_ Co-Consumer _____

## Atwood Rentals Inc.

20. or otherwise any remaining provisions of this Agreement shall nevertheless remain in full force and effect.
21. Consumer agrees that Lessor may contact Consumer by telephone at any telephone numbers associated with Consumer's
22. account, including wireless telephone numbers, which could result in charges to Consumer, in order for Lessor to service
23. Consumer's account or to collect any amounts Consumer may owe. Lessor may also contact Consumer via text message or e-mail using any address Consumer provides to Lessor. Methods of contact may include using pre-recorded/artificial voice messages and/or the use of an automatic dialing device.
24. In the event Consumer is in default of this Agreement, Consumer agrees that Lessor may gather, verify, and assimilate information, both public and nonpublic, concerning Consumer, for the purpose of collecting any outstanding balance on Consumer's account with Lessor. Lessor may use any type of credit reporting agency, tracing service provider, social media, cell phone, land line telephone, text or email, and automated telephone calling in connection with Lessor's effort to collect upon Consumer's outstanding obligation under this Agreement.
25. <u>Consumer and Lessor agree that all claims against Lessor must be brought exclusively in Gibson County, Tennessee, the site of the home office of the Lessor. Consumer expressly waives any right to bring suit against Lessor in any other venue.</u>
26. **AGREEMENT TO SUBMIT TO BINDING ARBITRATION**: If any claim or controversy arising out of or related to this Rental Purchase Agreement occurs, the parties will first attempt to resolve the claim or controversy through friendly consultation, directly or through counsel. If the claim or controversy is not resolved within a reasonable period, either party may bring suit against the other in a civil court unless any matter(s) have a demand for damages in excess $20,000.00, in which case the parties agree to waive their right to a jury trial and agree to submit the claims to binding arbitration as governed by the Federal Arbitration Act, and pursuant to the rules established by the Judicial Arbitration and Mediation Services, Inc. (JAMS), or any other mutually agreed arbitration association. The parties agree that the arbitration will be held in Gibson County, Tennessee before a single arbitrator mutually agreed upon by the parties. The parties will share equally in the cost of arbitration. **I UNDERSTAND THAT BY VOLUNTARILY AGREEING TO THIS BINDING ARBITRATION PROVISION, BOTH I AND THE LESSOR GIVE UP OUR RIGHTS TO A TRIAL BY JURY.**
27. By executing this Agreement, Consumer acknowledges and agrees that:
    (a) Consumer has read and understands this Agreement;
    (b) Consumer has been given a signed and legible copy with all blanks filled in;
    (c) Consumer has received the Leased Property in good condition;
    (d) Consumer hereby acknowledges the Lessor maintains the right to assign this contract to a third party and further agrees to remit rental payments to such party if so assigned.

IN WITNESS WHEREOF, the parties have hereunto affixed their signatures this the _14th_ day of ___June___, _2023_.

LESSOR:

By: _[signature]_

**NOTICE TO CONSUMER:**

<u>DO NOT SIGN THIS AGREEMENT BEFORE YOU READ IT OR IF IT CONTAINS BLANK SPACES. YOU ARE ENTITLED TO A COPY OF THE AGREEMENT YOU SIGN.</u>

**CONSUMER:**
Name: Cassandra campbell
S.S.N.:
Driver's License No.:
Issue Date: _____ Exp. Date: _____
Address: 244 county rd 5286
City/State/Zip: Bay springs  MS 39422
Email Address: paytoncassandra@yahoo.com
Home Phone No.: (601) 580-3911
Cell Phone No.:
Employer Name: Cassandra campbell
Employer Phone No.: (601) 580-3911

**ADDITIONAL CONSUMER:**
Name:
S.S.N.:
Driver's License No.:
Issue Date: _____ Exp. Date: _____
Address:
City/State/Zip:
Email Address:
Home Phone No.:
Cell Phone No.:
Employer Name:
Employer Phone No.:

MS - REV. 01.11.2019

Consumer Signature _Cassandra Cam_ Co-Consumer _____

# Atwood Rentals Inc.

**REQUIRED REFERENCES**

Name: Erykah walker  
Address: _____  
Phone No.: (601) 764-8938

Name: Elmyra payton  
Address: _____  
Phone No.: (601) 935-0821

Legal owner/landlord of the real property where the Leased Property is to be located:

Name(s): _____  
Address: _____  
City/State/Zip: _____  
Home Phone No.: _____  
Business Phone No.: _____  
Email Address: _____ (if available)

I hereby affirm that all statements made herein are true, factual and complete to the best of my knowledge and are made for the purpose of this Agreement. By execution of my signature below, I agree to be bound by the terms and conditions of this Agreement.

_Cassandra Carr_  
**Consumer Signature**

_____  
**Additional Consumer Signature**

**ASSIGNMENT (FOR INTERNAL OFFICE USE ONLY)**

Lessor assigns this contract on _____, _____ to _____ in accordance with the Lessor's assignment appearing below. Assignment is with recourse and subject to a separate agreement.

By _____ Title _____ (Lessor)

Lessor sells and assigns to _____ its successors and assigns, all rights, title and interest in this retail installment contract. Lessor gives assignee full power, either in its own or in Lessor's name, to take all legal or other actions which Lessor could have taken under this contract.

By _____

MS – REV. 01.11.2019

Consumer Signature _Cassandra Carr_ Co-Consumer _____ Page 5 of 5

ASSIGNMENT On ___6/14/2023___ seller, ATWOOD RENTALS, INC., assigns the following contract(s):

BY: ___Julie Carter___ ("Seller" Signature)

TITLE: ___Executive Vice President___

CUSTOMER NAME: ___Cassandra L Campbell___

BUILDING SERIAL NUMBER: ___USC-158826-1224-121421___

Seller, ATWOOD RENTALS, INC. sells and assigns to River Bend Rentals, LLC and its successors, all rights, title, and interest in this retail installment contract. Seller gives assignee full power, either in its own or in seller's name, to take all legal or other actions that seller could have taken under these contracts.

BY: ___Julie Carter___ ("Assignee")

Atwood Rentals INC

Assigns

River Bend Rentals, LLC